**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

                 Plaintiff-Respondent,

v.                                            No. 16-cv-00588-WJ-KRS
                                            No. 13-cr-3892-WJ

ANTHONY BARELA,

                 Defendant-Movant.

**<u>ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
OF THE MAGISTRATE JUDGE</u>**

       THIS MATTER comes before the Court upon the Proposed Findings and Recommended Disposition ("PFRD") entered by Magistrate Judge Lourdes A. Martinez on April 13, 2017.  In accordance with 28 U.S.C. § 636(b)(1)(B), Judge Martinez recommended denying Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255,  [Doc. No. 11], to which Defendant timely objected on June 8, 2017.[1]  [Doc. No. 15].  Plaintiff did not file a response to Defendant's objections.  Having conducted a de novo review of the specific portions of the PFRD to which Defendant objects, the Court determines that it will overrule Defendant's objections, adopt the PFRD,  and dismiss cause No. 16-cv-00588-WJ-KRS with prejudice.

**Factual Background and Procedural History**

       On September 24, 2014, Defendant pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g).  [Cr. Doc. No. 35].  Although such a charge generally carries a maximum sentence of ten years, 18 U.S.C. § 924(b), Defendant had previously been convicted of three or more violent felonies; namely, two convictions for armed bank robbery in the United States District Court for the District of New

---

[1] Defendant's deadline was extended to June 12, 2017, following a successful Unopposed Motion to Extend Time to File Objections.  [Doc. 12].

Mexico, and three convictions for armed robbery in the Second Judicial District Court for the State of New Mexico.  These prior convictions made Defendant subject to the Armed Career Criminal Act ("ACCA") and its accompanying fifteen year mandatory minimum sentence.  18 U.S.C. § 924(e)(1).  Consequently, Defendant agreed to an enhanced sentence totaling fifteen years, and he was so sentenced on May 5, 2015.  [Cr. Doc. No. 46].

Less than sixty days later, on June 26, 2015, the United States Supreme Court  issued its decision in *Johnson v. U.S.*, 135 S.Ct. 2551 (2015), wherein it struck down the residual clause of the ACCA as unconstitutional.  This decision was the catalyst to Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, filed narrowly within the one year limitations period on June 15, 2016.  [Doc. No. 1].  *See* 28 U.S.C. § 2255(f)(3) (explaining that motions under 28 U.S.C. § 2255 must be filed within one year of the date that the right asserted therein was initially recognized by the Supreme Court).

In his motion, Defendant argues that in light of *Johnson*, his New Mexico armed robbery convictions do not qualify as "violent felonies" under 18 U.S.C. Section 924(e)(2)(B), and he moves the Court to correct his sentence accordingly.[2]  On April 13, 2017, Magistrate Judge Martinez recommended that the Court deny Defendant's motion, concluding that armed robbery in New Mexico, as enumerated in N.M. Stat. Ann. § 30-16-2, satisfies the requirements of § 924(e)(2)(B)(i).  [Doc. No. 11].  Defendant challenges this determination, arguing, in sum, that the Magistrate Judge's findings are based upon a misapplication of the law.  [Doc. No. 15].

### Standard of Review

Any portion of a magistrate judge's disposition to which a party objects must be determined, de novo, by the referring district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

---

[2] Defendant does not dispute that his two federal bank robbery convictions qualify as "violent felonies" for ACCA purposes.

72(b)(3).  Here, Defendant objects to Magistrate Judge Martinez's conclusion that an armed robbery conviction under New Mexico's robbery statute constitutes a "violent felony" for the purposes of the ACCA.  This particular issue is shrouded in controversy as there is no concurrence amongst our District Court judges and the Tenth Circuit has yet to consider New Mexico's robbery statute post-*Johnson*.  *See, e.g.*, *United States v. King*, No. CV 16-501 MV/KK, 2017 WL 1506766 (D.N.M. Mar. 31, 2017) (holding that armed robbery in New Mexico is not a "violent felony" under the ACCA); *United States v. Garcia*, No. CV 16-0240 JB/LAM, 2017 WL 2271421 (D.N.M. Jan. 31, 2017) (concluding that robbery constitutes a "violent felony" as contemplated by the ACCA).

### Discussion

Pursuant to the ACCA, one who violates 18 U.S.C. § 922(g) and has three prior convictions for violent felonies shall be imprisoned for a term no less than fifteen years.  18 U.S.C. § 924 (e)(1).  The Act defines the term "violent felony," in pertinent part, as "any crime punishable by imprisonment for a term exceeding one year" that either:

> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

U.S.C. § 924 (e)(2)(B).  This two-part definition actually comprises three distinct clauses:  (1) the "force clause" which accounts for the entirety of § 924 (e)(2)(B)(i); (2) the "enumerated offenses clause" which specifically identifies burglary, arson, extortion, and the use of explosives as violent felonies, § 924 (e)(2)(B)(i)(ii); and (3) the now defunct "residual clause"

which, as its designation implies, provides the catchall language of "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

In the aftermath of *Johnson*, 135 S.Ct. 2551, *see supra* p. 2, crimes not named in the enumerated offenses clause—such as robbery and armed robbery—must fall under the force clause to qualify as violent felonies for ACCA purposes. *See id.* at 2563 (holding the residual clause of the ACCA unconstitutional while affirming the application of the Act to the remaining clauses). Accordingly, to determine whether Defendant's armed robbery conviction qualifies as a violent felony, the Court must inquire as to whether the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924 (e)(2)(B)(i).

Although not defined in § 924 (e)(2)(B)(i), the United States Supreme Court has made clear that the term  "physical force," as used in the context of the force clause, means "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). The *Johnson* Court went on to differentiate bodily injury from physical force, explaining that the latter "might consist…of only that degree of force necessary to inflict pain—a slap in the face, for example." *Id.* at 143.

To engage in the required inquiry, courts employ a categorical approach which looks to the elements of the statute of conviction and asks whether the crime's elements, alone, satisfy the ACCA's definition of violent felony. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). A modified categorical approach is applied when the statute of conviction sets out one or more elements of the offense in the alternative. In such a case, the statute is deemed "divisible" and a court may examine certain documents from the record to determine under which elements of the offense the defendant was convicted. *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir.

2017).  The identified elements are then analyzed under the unmodified categorical framework. *Id.*

## Analysis

In the case at bar, Defendant was convicted of armed robbery under N.M. Stat. Ann. § 30-16-2 which provides:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

As the statutory alternatives of robbery and armed robbery carry different punishments, the statute is divisible and the modified categorical approach applies.[3]  *See Mathis*, 136 S. Ct. 2243, 2256 (2016).

Citing *Mathis*, Defendant inaccurately argues that "the modified categorical approach is never used when the elements of a stated offense, such as robbery, "are broader than those of a listed generic offense." 136 S.Ct. at 2251."  [Doc. 15, p. 20].  *Mathis*, however, explores a statute which enumerates multiple means of committing the same element; the cited language has no relevance to the application of the modified categorical approach.  *Mathis*, 136 S. Ct. 2243, 2249

---

[3] The Court notes that the modified categorical approach is generally used to analyze crimes that either fall within the enumerated offenses clause or have otherwise generic titles such as "battery."  See Johnson, U.S. 133, 144 (2010) (discussing the use of the modified categorical approach when statutory phrases cover several generic crimes). In the case at bar, however, the statutory basis of Defendant's conviction—armed robbery—is clear, and thus the modified categorical approach  is likely superfluous, if not inapplicable.  Even so, as the approach is discussed in both the PFRD and Defendant's objections to the PFRD, the Court will include it in its analysis. Regardless of whether the Court employs the approach or not, its ultimate inquiry will be the same either way: whether armed robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

(2016).[4]  Further, under the modified approach, the Court need not consider whether simple robbery is a categorical match to the ACCA's definition of violent felony.  Rather, the Court need only determine whether the offense of robbery while armed with a deadly weapon is such a match.  *Titties*, 852 F.3d 1257, 1268 (10th Cir. 2017) (stating that the modified categorical approach is used to identify the relevant elements of the offense before applying the categorical approach).

Similarly, Defendant relies upon *United States v. Barraza-Ramos*, 550 F.3d 1246 (10th Cir. 2008), for the proposition that because armed robbery has simple robbery as an element, the Court must first determine whether simple robbery is a categorical match to the definition of violent felony.  This, too, is misguided.  In *Barraza-Ramos*, the Tenth Circuit was tasked with determining whether one convicted of aggravated battery under Fla. Stat. § 784.045(1)(b), which criminalizes the knowing battery of a pregnant victim, qualified as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  In so doing, the Court was required to first consider whether simple battery has "as an element the use, attempted use, or threatened use of physical force against another person."  *Barraza-Ramos*, 550 F.3d 1246, 1251 (10th Cir. 2008).  There, however, the underlying offense remained simple battery.  The elevation to "aggravated" was a result of who was battered, not how the victim was battered.

In contrast, armed robbery, like simple robbery, "consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence," N.M. Stat. Ann. § 30-16-2, but it also includes the added requirement that the robbery be accomplished while the perpetrator is armed with a deadly weapon.  *See* N.M. UJI 14-1621.  Accordingly, when comparing the offense of armed robbery to the force clause, the

---

[4] A means versus element analysis is unnecessary as Defendant does not argue this point and, pursuant to *Mathis*, 136 S. Ct. 2243, 2256 (2016), N.M. Stat. Ann. § 30-16-2 is divisible on its face.

requisite physical force may be found in the elements the offense shares with simple robbery, the addition of a deadly weapon, or both.

Regardless, the Court concludes that simple robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924 (e)(2)(B)(i), and thus qualifies as a violent felony under the ACCA. Armed robbery, then, which comprises all of the elements of simple robbery, plus the additional deadly weapon component, is also a violent felony under the ACCA.

Importantly, in *United States v. Nicholas*, No. 16-3043, 2017 WL 1429788 (10th Cir. Apr. 24, 2017), the Tenth Circuit recently held that a conviction for robbery under Kansas' state statute could not be used to enhance a sentence under the ACCA. *Id.* at *5. In so ruling, the Court reasoned that because the Kansas Supreme Court had upheld a robbery conviction based on de minimus physical force, the offense did not rise to the level of a violent felony. *Id.* Mere minimal force would not sustain a robbery conviction under New Mexico law, and cases suggesting otherwise have done so in dicta. *See State v. Curley*, 1997-NMCA-038, ¶ 4,123 N.M. 295, 939 P.2d 1103 (noting that New Mexico has cases which proffer that even a slight amount of force is sufficient to constitute a robbery, but recognizing that such statements are dicta).

Further, a review of New Mexico case law elucidates that simple robbery requires a level of force commensurate with the force clause found in § 924 (e)(2)(B)(i). *See, e.g.*, *State v. Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289 (emphasizing that robbery is "a crime against a person," and that "the robbery statute is designed to protect citizens from violence"); *State v. Clokey*, 1976-NMSC-035, ¶ 3, 89 N.M. 453, 553 P.2d 1260 ("The question of whether or not the snatching of the purse from the victim was accompanied by *sufficient* force

to constitute robbery is a factual determination, within the province of the jury's discretion")
(emphasis added); *State v. Lewis*, 1993-NMCA-165, ¶15, 116 N.M. 849, 867 P.2d 1231
(declining to interpret the New Mexico robbery statute "to encompass situations where force is
used to retain property immediately after its *nonviolent* taking," and reiterating that "force must
be the lever by which property is separated from the victim") (emphasis added); *State v. Sanchez*,
1967-NMCA-009, ¶¶ 13-15, 78 N.M. 284, 430 P.2d 781 (finding that a fist against a victim's
back is insufficient  to show that the victim was compelled to part with his property and
explaining that "[t]he situation here is comparable to those pickpocket or purse snatching cases,
where even though there was some touching or jostling involved as the property was taken, the
crime was larceny because of the absence of force or fear").

## Conclusion

For the reasons stated above and those set forth in the PFRD, the Court finds that
Defendant's prior New Mexico armed robbery conviction was properly used as a sentence
enhancement under the ACCA.

**IT IS THEREFORE, ORDERED** that Defendant's Objections to the Magistrate's
Proposed Findings and Recommended Disposition, filed June 8, 2017, [Doc. 15], are hereby
overruled.

**IT IS FURTHER ORDERED** that Magistrate Judge Martinez's Proposed Findings and
Recommended Disposition, filed April 13, 2017, [Doc. 14], are hereby adopted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Correct Sentence Pursuant to
28 U.S.C. § 2225, filed June 15, 2016, [Doc. 1], is hereby denied and cause No. 16-CV-00588-

WJ-KRS is hereby dismissed with prejudice.

**WILLIAM P. JOHNSON**
**UNITED STATES DISTRICT JUDGE**