UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ANTHONY BARELA,

    Petitioner,

v.                                                                        No. 19-cv-0868 KWR-JFR
                                                                           13-cr-3892 KWR-JFR

UNITED STATES OF AMERICA,

    Respondent.


**MEMORANDUM OPINION AND ORDER**

    Before the Court is Anthony Barela's Second Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 (Motion) (Doc. 81).[1] Barela is incarcerated and proceeding *pro se*. He argues, as did in his first § 2255 habeas proceeding, that his federal sentence was improperly enhanced under the Armed Career Criminal Act. Because the Court lacks jurisdiction to consider second or successive § 2255 motions without prior authorization from the Tenth Circuit, the Motion will be dismissed without prejudice.

**BACKGROUND**

    In 2015, Barela pled guilty to possessing a firearm as a felon in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docs. 13, 35). Under the plea agreement, the parties stipulated that Barela's minimum sentence would be 15 years imprisonment. (Doc. 35 at 2). The Court (Hon. William Johnson) imposed that sentence. (Doc. 47). Beyond the plea agreement, the sentence was also imposed pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B),

---

[1] Unless otherwise noted, all docket references are to the criminal case, 13-cr-3892.

based on Barela's criminal history.[2] (Doc. 62 at 18). Under the ACCA, an individual who violates 18 U.S.C. § 922(g) (felon in possession of a firearm) and who has "three previous convictions . . . for a violent felony" must receive a mandatory minimum 15-year sentence. 18 U.S.C. § 924(e). Barela was designated as a career offender based on five "violent felony" state convictions: two counts of bank robbery in 2001 and three counts of armed robbery in 2002. *Id.* at 8-9.

After the sentencing, the United States Supreme Court issued *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* focused on the ACCA's definition of "violent felony," which includes crimes that: (i) have an element of force or threat of force (the "Elements Clause"); or, alternatively (ii) involve conduct that "presents a serious potential risk of physical injury" (the "Residual Clause"). 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The Supreme Court found the latter definition of violent felony – the Residual Clause – to be unconstitutionally vague. *Johnson,* 135 S. Ct. at 2557. The Residual Clause required judges to disregard whether the crime was actually violent and "imagine how the idealized ordinary case of the crime … plays out," including whether it potentially presents some undefined degree of risk. *Id.* at 2557-2558.

The Supreme Court made *Johnson* retroactively applicable on collateral review, which allowed inmates to seek resentencing under 28 U.S.C. § 2255. *See Welch v. United States,* 136 S.Ct. 1257 (2016). Barela filed his first § 2255 motion seeking resentencing on June 15, 2016. (Doc. 49). He alleged his armed robbery convictions did not qualify as "violent felonies" under

---

[2] It appears the U.S. Attorney knew that Barela was a career offender and subject to a mandatory minimum of 15 years imprisonment, and he therefore incorporated that sentence into the plea agreement. This explains why Barela's sentence tracks the agreement, even though he later received a career offender "enhancement" at the sentencing hearing.

the new ruling in *Johnson*, and he was therefore not subject to ACCA's mandatory 15-year minimum sentence. This Court denied relief, and the Tenth Circuit affirmed. (Docs. 65, 80). The Tenth Circuit found that robbery qualifies as a "violent felony" under ACCA's Elements Clause, since force is an element of the crime. (Doc. 80 at 5-6); *see also* 18 U.S.C. § 924(e)(2)(B)(i). Therefore, Barela was properly sentenced as a career offender, notwithstanding any defects in the ACCA's Residual Clause.

On September 19, 2019, about five months after the Tenth Circuit ruled, Barela filed his second § 2255 Motion in this Court. (Doc. 81). Barela recasts his *Johnson* argument as a claim for ineffective assistance of counsel, arguing that counsel should have advised him not to plea until the Supreme Court issued its rulings in *Johnson* and similar cases. He also argues counsel failed to appeal the Tenth Circuit's ruling to the United States Supreme Court. The second § 2255 Motion is ready for *sua sponte* screening under Habeas Corpus Rule 4.[3]

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

---

[3] The habeas rules require the Court examine each § 2255 motion before ordering an answer. "If it plainly appears from the [motion] and any attached exhibits that the petitioner is not entitled to relief, … the Judge must dismiss the [motion]." Habeas Corpus Rule 4.

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Barela's does not proffer any newly discovered evidence. Instead, he primarily argues that *Johnson* affords relief, and that robbery is not a crime of violence. The Tenth Circuit rejected these arguments less than a year ago. (Doc. 80). There is no basis to transfer the Motion and require the Tenth Circuit to revisit them again.

Barela also attempts to take advantage of § 2255(h)'s exception based on a "new rule of constitutional law … by the Supreme Court." He cites every void-for-vagueness ruling the Supreme Court issued since his first § 2255 motion, including *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018); *U.S. v. Davis*, 139 S. Ct. 2319 (2019), and *Rehaif v. U.S.*, 139 S. Ct. 2191, 2200 (2019).[4] *Dimaya* and *Davis* extended the scope of *Johnson's* ruling to the other statutes, including 18 U.S.C. § 16(b) (defining "crime of violence" for purposes of many federal statutes, *Dimaya*) and 18 U.S.C.

---

[4] Barela also cites a Tenth Circuit case, *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018). However, successive § 2255 motions must be based on a new ruling by the United States Supreme Court. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001). Circuit rulings not qualify under the exception.

4

§ 924(c) (imposing heightened penalties for using a firearm during a "crime of violence," *Davis*). Both cases invalidated a residual clause that - like the ACCA's Residual Clause - defined violent crimes to include any felony that merely involves a risk of harm. *Id.* Barela was not charged with, or convicted of, crimes under 18 U.S.C. §§ 16(b) or 924(c). Further, the Tenth Circuit already determined Barela's robbery convictions qualify as violent crimes, separate and apart from any defective residual clause. (Doc. 80). *Dimaya* and *Davis* therefore have no applicability to this case.

The last Supreme Court case Barela relies on, *Rehaif v. U.S.*, 139 S. Ct. 2191, 2200 (2019), is relevant to his federal crime (felon in possession of a firearm, 18 U.S.C. §§ 922(g) and 924(a)(2)). *Rehaif* held that "in a prosecution under … § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Here, Barela pled guilty to the Indictment, which states he was a convicted felon who "knowingly possessed … a Colt … 45 caliber semiautomatic pistol." (Docs. 13, 35). *Rehaif*'s mens rea requirement was therefore satisfied in this case. Even if it were not satisfied, *Rehaif* cannot form the basis for § 2255 relief because, unlike *Johnson, Dimaya,* and *Davis*, courts have uniformly held that *Rehaif* is not retroactively applicable on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *U.S. v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019); *Littlejohn v. U.S.*, 2019 WL 6208549, at *2 (W.D. N.C. 2019); *Moore v. U.S.*, 2019 WL 4394755, at *2 (W.D. Tenn. 2019); *Doyle v. U.S.*, 2020 WL 415895 (S.D. Ohio 2020); *Clay v. U.S.*, 2019 WL 6842005, at *3 (E.D. Mo. 2019); *U.S. v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. 2019); *U.S. v. Grigsby*, 2019 WL 3302322, at *1 (D. Kan. 2019); *U.S. v. Benton*, 2020 WL 132276, at *2 (W.D. La. 2020).

For these reasons, the Court finds Barela's second § 2255 Motion likely lacks merit and was not filed in good faith. The Court declines to transfer the Motion to the Tenth Circuit and will instead dismiss this matter for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Anthony Barela's Second Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 (CR Doc. 81; CV Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
KEA W. RIGGS
United States District Judge