### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 1:13-cr-3892 KWR

ANTHONY BARELA,

    Defendant.

### ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on the Federal Public Defender's Motion to Appoint Counsel on Defendant's behalf **(Doc. 86).** For the reasons stated below, the Court finds that the motion to appoint counsel is not well-taken and therefore is **DENIED.**

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion); *United States v. Olden*, 296 Fed. App'x. 671, 674 (10th Cir. 2008). (no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)."); *United States v. Carrillo,* 389 Fed.Appx. 861, 863 (10th Cir.2010) (unpublished); *United States v. Olden,* 296 Fed.Appx. 671, 674 (10th Cir.2008) (unpublished); *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1; *United States v. Abascal*, No. 2:13-CR-2424-RB, 2020 WL 3265243, at *1 (D.N.M. June 17, 2020); *United States v. Stewart*, No. 1:15-CR-779 WJ, 2020 WL 3832954, at *2 (D.N.M. July 7, 2020).

However, the Court may appoint counsel in the interest of justice. In determining whether

to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Applying these factors, the Court exercises its discretion and declines to appoint counsel. The Court has reviewed the record in this case, including Defendant's motion for compassionate release. Defendant was convicted of one count of being felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and received a sentencing enhancement under ACCA. He was sentenced to fifteen years in prison, which was the mandatory minimum. Defendant seeks release for extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1) because of COVID-19 and his underlying conditions. Defendant asserts there is an outbreak of COVID-19 in his facility, and he is vulnerable because the medication he takes for degenerative bone disease lowers his white blood cell count. He is 62 years old and appears to have a release date of August 20, 2026. Defendant's grounds for his motion for compassionate release appear to be straightforward, and he appears capable of presenting his claims.

**IT IS THEREFORE ORDERED** that FPD's Motion to Appoint Counsel (**Doc. 86**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government shall file a response to the motion for compassionate release within **fourteen (14) days** of the entry of this order.

**IT IS FINALLY ORDERED** that Defendant may file an optional reply within **fourteen (14) days** of service of the Government's response.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE