# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 1:13-cr-3892 KWR

ANTHONY BARELA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant's *pro se* Motion for Compassionate Release **(Doc. 87)**. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He alleges the COVID-19 pandemic and his underlying conditions are extraordinary and compelling reasons to reduce his sentence to time served and release him now. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

## BACKGROUND

Defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence investigation report recommended that the district court sentence Defendant under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). He had multiple qualifying predicate "violent felony" convictions to support an enhanced sentence under the ACCA: two counts of armed bank robbery in 2001 and three counts of armed robbery in 2002. Defendant was sentenced to fifteen years' imprisonment. This was the statutory minimum and consistent with his plea agreement, which provided that he would be sentenced for not less than 15 years. **Doc. 35.**

The offense conduct as described in his PSR is as follows. On November 3, 2013,

Albuquerque Police Department officers were dispatched to a residence regarding a possible burglary in progress.  Officers made contact with Defendant, who was placing a television in the bed of a truck with other household items.  Two individuals fled to avoid contact the officers. Defendant had a firearm in his right front pocket.  Defendant pled guilty to the felon in possession charge, and was sentenced to the fifteen year minimum on May 5, 2015.

The PSR provides that agents were investigating a potential residential burglary in progress when they arrested Defendant.  **Doc. 62.**  Defendant did not file written objections to the PSR before sentencing.  **Doc. 64** (noting Defendant did not object to PSR, but provided an addendum). The clerk's minutes note that at sentencing Defendant objected to paragraph 26 regarding offense characteristics. The Court directed that paragraph 26 of the PSR be changed to read that Defendant was just in possession of a firearm, and the firearm was not possessed in the course of a burglary. It appears this would have lowered his guideline sentence range.   **Doc. 46.**  However, it appears Defendant did not object to any other paragraphs.   These other paragraphs describe the investigation into the potential residential burglary and Defendant's denial that he was participating in a burglary.  Defendant was found removing items from a house, and he asserts he had permission and someone requested he do so.

Defendant filed a motion seeking compassionate release due to the risk posed by COVID-19 in light of his age (62 years) and his arthritis and degenerative bone disease.  **Doc. 87.** Defendant is currently housed at FCI Forrest City Low and has a release date of approximately August 20, 2026.

Defendant's motion to appoint counsel (**Doc. 86**) was denied (**Doc. 91**) and the Court directed the United States to respond to the motion for compassionate release.

Defendant requests that the Court reduce his sentence to home confinement, or re-sentence him to a term of time served.  Although the BOP may have authority in some circumstances to place a person on home confinement, the Court does not.  *United States v. Johnson*, 2021 WL 1053706, at *3 (10th Cir. Mar. 19, 2021) ("the CARES Act does not empower the courts to order that an inmate's sentence be served in home confinement."), *citing United States v. Read-Forbes*, 2021 WL 423160, at *1 (10th Cir. Feb. 8, 2021) (stating that "§ 3582(c)(1)(A), even as modified by the CARES Act, does not permit courts to specify where a prisoner shall serve her term[; rather, a]ll a court can do is reduce the prisoner's sentence,").  Therefore, the Court will only analyze whether Defendant's sentence should be reduced to time served.

The Court gave Defendant the option of filing a reply brief within fourteen days of the filing of the response.  **Doc. 91.**  It has been several months since that deadline ran and no reply was filed.  Therefore, the Court concludes that this matter is fully briefed and ready for decision.

## DISCUSSION

Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)).  However, Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under § 3582(c)(1)(A).

The Court may reduce a sentence under this provision if Defendant administratively exhausts his claim and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable.  "[D]istrict courts

may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.  But when a district court grants a motion for compassionate release, it must of course address all three steps." *United States v. McGee*, 2021 WL 1168980, at *6 (10th Cir. Mar. 29, 2021) (internal citations and quotation marks omitted).

Here, the Court declines to reduce Defendant's sentence for three alternate reasons: (1) Defendant failed to administratively exhaust, (2) there are no extraordinary and compelling reasons here; and (3) the applicable § 3553(a) factors weighed against reducing his sentence.

I.    **Defendant failed to fully administratively exhaust.**

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c).  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at 5239.  Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon (1) a motion of the Director of the BOP (2) "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or (3) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ."  18 U.S.C. § 3582(c)(1)(A).

As to the third alternative, "a 'lapse' refers to the failure of the warden to respond to defendant's request." *United States v. Lee*, No. CR 10-20128-01-KHV, 2020 WL 5993505, at *2 (D. Kan. Oct. 9, 2020), *citing United States v. Abdeljawad*, No. 15-CR-3394 WJ, 2020 WL 4016051, at *2 (D.N.M. July 16, 2020) (in context, "lapse of 30 days" refers to complete absence

4

of response during that period); *United States v. Saenz*, No. 97CR2106-JLS, 2020 WL 2767558, at *2 (S.D. Cal. May 28, 2020) (no "lapse" occurred because warden acted on defendant's request); *United States v. Mille*r, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("lapse" means warden must fail to act on request for period of 30 days).  In other words, if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court. See *United States v. Valenzuela*, No. 15-CR-01460-WJ, 2020 WL 5439803, at *2 (D.N.M. Sept. 10, 2020) (court lacks jurisdiction until inmate appeals warden denial through administrative appeal process and receives final agency determination); *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 3962225, at *3 (W.D. Wash. July 13, 2020) (despite urgency created by COVID-19, defendant must exhaust administrative remedies within BOP before filing motion in court).

Defendant asserts he satisfied the exhaustion requirement because he filed a request for compassionate release on August 1, 2020 and did not receive a response from the warden within 30 days.  The record reflects that his compassionate release request was received on August 4, 2020 and the compassionate motion was filed in August 31, 2020.  "To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and then must appeal a denial pursuant to § 571.63(a) (inmate "may appeal the denial" of a request for compassionate release); *United States v. Abdeljawad,* No. 15-CR-3394 WJ, 2020 WL 4016051, at *1 (D.N.M. July 16, 2020), *citing*  § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(a)). "Only a denial by the BOP Director is considered a 'final administrative decision.'" *Id.*, *citing* § 571.63(c).

Because Defendant did not wait 30 days for an answer from the warden before filing his motion, the Court finds that he must "fully exhaust[] all administrative rights to appeal." § 3582(c)(2)(A).  Because he failed to do so here, the Court is precluded from granting his request for release.  *United States v. Johnson*, No. 20-6103, 2021 WL 1053706, at *2 (10th Cir. Mar. 19, 2021) ("in this circuit, however, § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."), *citing  United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (unpublished) (affirming district court's dismissal of Mr. Gieswein's motion under 18 U.S.C. § 3582(c)(1)(A) because he "failed to meet the statute's exhaustion requirements"); *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020) (unpublished) (holding that "[c]ontrary to [Mr.] Springer's argument, he was required to request that the BOP file a [§ 3582(c)(1)(A)] motion on his behalf to initiate his administrative remedies," and affirming the district court's denial of his motion because he "never made such a request").

## II.   <u>Defendant has not shown that extraordinary and compelling reasons warrant a sentencing reduction</u>.

Alternatively, even if Defendant fully administratively exhausted his compassionate release request, Defendant has not shown extraordinary and compelling reasons warranting a sentencing reduction here.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t).  *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release).   However, because the Sentencing commission has been unable to comply with

Congress' directive, these policy statements do not apply to compassionate release motions. *United States v. McGee*, ___F.3d ___, 2021 WL 1168980, at *12 (10th Cir. 2021) (published). Therefore, the Court has discretion to consider whether the circumstances in this case are an extraordinary and compelling reason for a sentence reduction. *Id.* Similarly, the Court is also not constrained by policy statements set forth by the Sentencing Commission because the Sentencing Commission has not yet updated its policy statements. *Id.* at 10-12.

The Court has discretion to determine what constitutes an "extraordinary and compelling" reason to warrant a sentencing reduction. *United States v. McGee*, ___F.3d ___, 2021 WL 1168980, at *6-7 (10th Cir. 2021). Many courts have found "extraordinary and compelling reasons" for release based on underlying health conditions and COVID-19. *See United States v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at *1 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors"). However, the Court will not find "extraordinary and compelling circumstances" based on generalized COVID-19 fears and speculation. *United States v. Heywood*, No. CR 17-2240 JAP, 2020 WL 4904050, at *2 (D.N.M. Aug. 19, 2020).

Here, Defendant contends his age, his arthritis, and degenerative bone disease place him at a greater risk for complications from COVID-19. Defendant is 62 years old. The Center for Disease Control (CDC) does not list these conditions as underlying conditions that place him at greater risk for COVID-19. FCI Forrest City Low currently has 2 active cases, and Defendant has not shown that FCI Forrest City Low cannot manage the outbreak. The Court concludes that Defendant's age (62) and health conditions, in light of the COVID-19 pandemic, are not extraordinary and compelling reasons to reduce his sentence.

### III.   Sentencing factors under § 3553(a).

Alternatively, even if Defendant showed extraordinary and compelling reasons for a sentencing reduction, he must demonstrate that the applicable § 3553(a) factors favor release. § 3582(c)(1)(A) (the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable…"); *see United States v. Carter*, 2020 WL 3051357, at *3 (S.D.N.Y.) (Section 3553(a) factors did not justify early release despite extraordinary and compelling reasons); *Easter v. United States*, 2020 WL 3315993, at *4 (E.D. Va.) (same); *United States v. Sears*, 2020 WL 3250717, at *2 (D.D.C.) (denying motion based on Section 3553(a) factors, despite petitioner's diabetes and hypertension).

In May 2015 Defendant was sentenced to the minimum sentence available under ACCA and his sentencing stipulation – fifteen years. His release date appears to be in August 2026 and he requests his sentence be reduced to time served. After considering and balancing all applicable § 3553(a)(1)-(7) factors and the record, the Court declines to reduce his sentence to time served.

Defendant was convicted of being a felon in possession of a firearm. § 3553(a)(1). Defendant had several previous felony convictions, including violent felonies. Defendant was

convicted of two armed bank robbery convictions in 2001 and three armed robbery convictions in 2002.  At least some of these served as predicate offenses for the application of the Armed Career Criminal Act.  Although the Court acknowledges these offenses occurred almost 20 years ago, they are serious violent crimes. In light of these violent felonies, the Court finds it troubling that he possessed a gun.  The nature and circumstances of the offense, along with his history, strongly weigh against release at this time.  § 3553(a)(1). Moreover, Defendant poses a danger to the community and releasing him would not protect the public from further crimes of the defendant. § 3553(a)(2)(C).

As noted above, Defendant appears to have received the statutory minimum sentence under ACCA.  The Court assumes it has discretion to reduce his sentence below the statutory minimum.  Even so, reducing his sentence would not further "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  § 3553(a)(6).  It would also not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.  Reducing his sentence would not further the need for deterrence or protect the public from further crimes and would likely instead increase sentencing disparities. § 3553(a)(2)(A)-(D).

Defendant argues that two § 3553(a) factors weigh heavily toward his release.  First, he argues that his history and characteristics weigh heavily toward a sentencing reduction. §3553(a)(1).  Defendant asserts that he has worked in the job training program for sixty months and taken courses to become a better person.  **Doc. 87 at 4.**  He also asserts he is trying to become stable so he can get a job and home of his own, and asserts he is vulnerable to because of his age and health conditions.  He asserts he is a non-violent offender and has a low risk of recidivism,

9

also states his conduct in prison weighs in his favor.  Although the Court considers his current accomplishments, the Court must also consider his past conduct described above, which includes multiple armed bank robbery and armed robbery convictions.  Some of these were violent felonies qualifying him for ACCA.

Second, Defendant argues that "the need for the sentence imposed…. To provide the defendant with…medical care… in the most effective manner" weighs in favor of release.  § 3553(a)(2)(D).  The Court notes that Defendant is 62 but does not necessarily appear to have medical conditions which place him at greater risk if he contracted COVID-19 according to the CDC.  To the extent arthritis or degenerative bone disease could be viewed as affecting his immune system, Defendant has not shown that FCI Forrest City Low is unable to provide him medical care, or that he would receive more effective medical care elsewhere.

Therefore, considering and weighing the applicable § 3553(a)(1)-(7) factors, the Court declines to immediately release Defendant or reduce his sentence to time served.

Accordingly, the Court will the deny the Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release **(Doc. 87)** is **DENIED**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE